**FILED**

April 04, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
KG
DEPUTY

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Texas |
|---|---|

| Name (under which you were convicted):  Wayne Dale Wagner, Jr. | Docket or Case No.:  7:22-cv-00080 |
|---|---|

| Place of Confinement :  Texas Department of Criminal Justice | Prisoner No.:  01385699 |
|---|---|

| Petitioner (include the name under which you were convicted)  Wayne Dale Wagner, Jr. | v. | Respondent (authorized person having custody of petitioner)  Bobby Lumpkin |
|---|---|---|

| The Attorney General of the State of: Texas |
|---|

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   385th Judicial District Court

   500 N. Loraine Street

   Midland, TX 79701

   (b) Criminal docket or case number (if you know):  CR30704

2. (a) Date of the judgment of conviction (if you know):  07/27/2006

   (b) Date of sentencing:  07/27/2006

3. Length of sentence:  Life

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:  Aggravated Sexual Asault of a Child.

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty  ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty  ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

     ☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court:   Eleventh Court of Appeals

(b) Docket or case number (if you know):   11-06-00235-CR

(c) Result:   Affirmed

(d) Date of result (if you know):   06/07/2007

(e) Citation to the case (if you know):

(f) Grounds raised:   1. The trial court erred in permitting Delta to testify as the outcry witness because she was not the proper outcry witness. 2. The evidence is legally and factually insufficient to support his conviction. 3. The trial court erred by disallowing appellant's attempt to impeach Delta with a prior inconsistant statement about her substance abuse. 4,5,6. The State made improper comments during jury arguments in the guilt/innocence and in the punishment phase.

_____

_____

(g) Did you seek further review by a higher state court?  ☑ Yes   ☐ No

    If yes, answer the following:

    (1) Name of court:   Court of Criminal Appeals

    (2) Docket or case number (if you know):   PD-1020-07

    (3) Result:   Refused

AO 241 (Rev. 09/17)

(4) Date of result (if you know):    11/14/2007

(5) Citation to the case (if you know):    N/A

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Court of Criminal Appeals

(2) Docket or case number (if you know):    WR-71,667-01 (CR30704-A)

(3) Date of filing (if you know):    02/17/2009

(4) Nature of the proceeding:    Writ of Habeas Corpus

(5) Grounds raised:    1. Applicant complains he was denied the effective assistance of counsel at

trial in violation of the Sixth Amendment. 2. Applicant complains the trial court erred,

abused its discretion, and denied him due process of law and a fair trial.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:    Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):     03/25/2009

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     Court of Criminal Appeals

(2) Docket or case number (if you know):     WR-71,667-02 (CR30704-B)

(3) Date of filing (if you know):     07/25/2011

(4) Nature of the proceeding:     Writ of Habeas Corpus

(5) Grounds raised:     1. Use of false evidence in violation of the Fourteenth Amendment to the
U.S. Constitution of due process of law. 2. Concealment of exculpatory evidence in violation
of the Sixth  to the U.S. Constitution of right to effective assistance of counsel. 3. Failure to
instruct the jury to disregard perjured testimony in violation of the Fourteenth Amendment to
the U.S. Constitution of due process of law. 4. Applicant recently discovered evidence that
proves "actual innocence".

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     Dismissed

(8) Date of result (if you know):     09/21/2011

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:     Court of Criminal Appeals

(2) Docket or case number (if you know):     WR-71,667-03 (CR30704-C)

(3) Date of filing (if you know):     11/17/2021

(4) Nature of the proceeding:     Writ of Habeas Corpus

(5) Grounds raised:     1. Wagner was denied his constitutional right to an impartial judge due to
the collusion between the prosecutor and the judge. 2. Wagner's constitutional right of due
process in the form of a fair habeas corpus procedure was violated due to judicial
misconduct. 3. Wagner's constitutional right of due process in the form of a fair habeas
corpus procedure was violated due to prosecutorial misconduct.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Dismissed as moot with written order

(8) Date of result (if you know):   03/02/2022

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:   ☑ Yes   ☐ No

(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Wagner was denied his constitutional right to an impartial judge due to the collusion between

the prosecutor and the judge.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The background facts of the collusion between Petty and various Midland County district judges are adequately

developed as reported in the Court of Criminal Appeals' per curiam opinion delivered on September 22, 2021, in

Ex Parte Young, no. WR-65,137-05. Wagner's right to an impartial judge was violated because Judge Darr was

actually or presumptively biased against him due to the judge's employment of Petty as a de facto law clerk

while Petty was representing the State in post-conviction proceedings before Judge Darr.

(b) If you did not exhaust your state remedies on Ground One, explain why:   _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

    (c)       **Direct Appeal of Ground One:**

           (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes  ☑ No

           (2) If you did not raise this issue in your direct appeal, explain why:   Petitioner was unaware of the collusion

        between State District Judge Darr and Assistant District Attorney Petty until disclosed to him by the

        Midland County District Attorney's office.

**(d) Post-Conviction Proceedings:**

           (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

               ☑ Yes    ☐  No

           (2) If your answer to Question (d)(1) is "Yes," state:

           Type of motion or petition:    Writ of Habeas Corpus

           Name and location of the court where the motion or petition was filed:   385th District Court

        Midland County, Texas

           Docket or case number (if you know):   WR-71,667-03 (CR30704-C)

           Date of the court's decision:    03/02/2022

           Result (attach a copy of the court's opinion or order, if available):    Habeas corpus relief denied as to

        application no. WR-71,667-01, and application no. WR-71,667-03 dismissed as moot.

           (3) Did you receive a hearing on your motion or petition?        ☐  Yes  ☑ No

           (4) Did you appeal from the denial of your motion or petition?      ☐  Yes  ☑ No

           (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐  Yes  ☐  No

           (6) If your answer to Question (d)(4) is "Yes," state:

           Name and location of the court where the appeal was filed:

           Docket or case number (if you know):

           Date of the court's decision:

            Result (attach a copy of the court's opinion or order, if available):

           (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

        The writ of habeas corpus (challenging a felony judgment) is an original proceeding in the Court of

        Criminal Appeals from which no appeal may be taken. See Texas Rule of Appellate Procedure 79.2(d).

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:     N/A

---

**GROUND TWO:**          Wagner's constitutional right of due process in the form of a fair habeas corpus procedure was violated due to judicial misconduct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

By an undated letter, the Midland County District Attorney informed Wagner that assistant district attorney Ralph Petty (retired) "was the lawyer responsible for working on your case and while he worked on your writ, he was also paid by the District Judges of Midland County". An invoice reflecting that Petty billed Midland County was sent to Wagner. Wagner's constitutional due process right to a fair habeas corpus procedure was violated because Judge Darr engaged in judicial misconduct by employing Petty as her de facto law clerk while Petty represented the State in Wagner's habeas corpus proceedings before Judge Darr.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☑  No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:     Petitioner was unaware of the collusion between State District Judge Darr and Assistant District Attorney Petty until disclosed to him by the Midland County District Attorney's office.

(d)     **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑  Yes     ☐  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:     Writ of Habeas Corpus

   Name and location of the court where the motion or petition was filed:     385th District Court Midland County, Texas.

   Docket or case number (if you know):     WR-71,667-03 (CR30704-C)

AO 241 (Rev. 09/17)

Date of the court's decision:    03/02/2022

Result (attach a copy of the court's opinion or order, if available):    Habeas corpus relief denied as to

application no. WR-71,667-01, and application no. WR-71,667-03 dismissed as moot.

| | | | | | |
|---|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | | ☐ | Yes | ☑ | No |
| (4) Did you appeal from the denial of your motion or petition? | | ☐ | Yes | ☑ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | | ☐ | Yes | ☐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The writ of habeas corpus (challenging a felony judgment) is an original proceeding in the Court of

Criminal Appeals from which no appeal may be taken. See Texas Rule of Appellate Procedure 79.2(d).

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    N/A

**GROUND THREE:**    Wagner's constitutional right of due process in the form of a fair habeas corpus

procedure was violated due to prosecutorial misconduct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The background facts of the collusion between Petty and various Midland County district judges are adequately

developed as reported in the Court of Criminal Appeals' per curiam opinion delivered on September 22, 2021, in

Ex Parte Young, no. WR-65,137-05. Wagner's constitutional right of due process to a fair habeas corpus

procedure was violated by Petty's simultaneous employment for the State and for Judge Darr as her de facto

law clerk while the judge was presiding over Wagner's post-conviction proceedings.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    Petitioner was unaware of the collusion

between State District Judge Darr and Assistant District Attorney Petty until disclosed to him by the

Midland County District Attorney's office.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:  385th District Court

Midland County, Texas

Docket or case number (if you know):    WR-71,667-03 (CR30704-C)

Date of the court's decision:    03/02/2022

Result (attach a copy of the court's opinion or order, if available):    Habeas corpus relief denied as to

application no. WR-71,667-01, and application no. WR-71,667-03 dismissed as moot.

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?                ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The writ of habeas corpus (challenging a felony judgment) is an original proceeding in the Court of

Criminal Appeals from which no appeal may be taken. See Texas Rule of Appellate Procedure 79.2(d).

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    N/A

**GROUND FOUR:**    The Court of Criminal Appeals violated Petitioner's right to due process in the form of a fair

habeas corpus procedure by reviewing a record which was the product of judicial and prosecutorial misconduct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Court of Criminal Appeals (CCA) determined that former assistant district attorney Ralph Petty was paid by

Midland County District Judges to work on Petitioner's application no. WR-71,667-01. The CCA sua sponte

reconsidered its earlier denial of application no. WR-71,667-01, reviewed the habeas corpus record of a

corrupted state district judge and again denied application no. WR-71,667-01 and dismissed application no.

WR-71,667-03 as moot.

(b) If you did not exhaust your state remedies on Ground Four, explain why:    The action of the State of Texas's

highest court with post-conviction habeas corpus writ authority gave rise to this ground.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes    ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:    This issue occured on post-conviction

habeas corpus review by the unconstitutional action of the Court of Criminal Appeals.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☑  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:    N/A _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No. _____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Jeffrey Robnett; P.O. Box 1583, Midland, Texas 79702

(b) At arraignment and plea:   Tom Hirsch; 3816 North Dixie, Odessa, Texas 79762

(c) At trial:   Tom Hirsch; 3816 North Dixie, Odessa, Texas 79762

(d) At sentencing:   Tom Hirsch; 3816 North Dixie, Odessa, Texas 79762

(e) On appeal:   Wayne Frost; 203 W. Wall, Suite 205, Midland, Texas 79701

(f) In any post-conviction proceeding:   Kenneth Nash; 2503 Lake Road, Suite 14, Huntsville, Texas 77340

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The collusion between assistant district attorney Ralph Petty and the Midland County District Judges was disclosed to Petitioner by an undated letter from the Midland County District Attorney; however, Petitioner's grounds one through three did not mature until the Court of Criminal Appeals issued its decision in the Young case on September 22, 2021, and Petitioner's ground four did not mature until the Court of Criminal Appeals issued its decision in this case on March 02, 2022.

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    leave to file an initial state application for a writ of

habeas corpus on a record free of the taint of judicial and prosecutorial misconduct.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    4-1-2022    (month, date, year).

Executed (signed) on    4-1-2022    (date).

*Wayne Dale Wagner, Jr.*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Wayne Dale Wagner, Jr. # 01385699
Toree Unit
405 Hwy. 75 South
Huntsville, Tx 77344



U.S. District Clerk's Office
200 East Wall, Room 222
Midland, Texas 79701

RECEIVED

APR 0 4 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                        DEPUTY